No. 70,501

In the Matter of JOHN E. FIERRO, *Respondent.*

(869 P.2d 728)

Opinion filed March 4, 1994.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Robert G. Frey,* of Wichita, argued the cause for respondent, and respondent appeared pro se.

*Per Curiam:* This original action in discipline was filed by the office of the Disciplinary Administrator against John E. Fierro, of Dodge City, an attorney admitted to the practice of law in Kansas.

Respondent admitted the allegations of the formal complaint filed by the Disciplinary Administrator and the matter was heard by a panel of the Board for Discipline of Attorneys on essentially uncontested evidence. Respondent was originally charged in Ford County with 12 counts of indecent liberties with a child for allegedly engaging in the lewd fondling or touching of six young girls. There was no sexual intercourse or sodomy involved. Following a plea bargain, respondent pled to six counts of attempted indecent liberties with a child. Respondent was sentenced to six terms of 3 to 10 years to run concurrently, ordered to reimburse the victims for counseling costs, and ordered to pay court costs. On June 25, 1993, respondent was temporarily suspended from the practice of law pending final resolution of this proceeding pursuant to Supreme Court Rule 203(b) (1993 Kan. Ct. R. Annot. 162).

The hearing panel determined that respondent had violated the Model Rules of Professional Conduct (MRPC) 8.4(b) (1993 Kan. Ct. R. Annot. 347), in committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects and MRPC 8.4(g), by engaging in other conduct that adversely reflects on a lawyer's fitness to practice

law. The panel recommended that respondent be disciplined by indefinite suspension from the practice of law while the Disciplinary Administrator recommends that respondent be disbarred.

In its report recommending indefinite suspension, the panel considered two recent cases involving similar criminal charges, *In re Keithley,* 252 Kan. 1053, 850 P.2d 227 (1993), and *In re Wilson,* 251 Kan. 252, 832 P.2d 347 (1992), and concluded the present case more closely resembled *Wilson* than *Keithley.* Wilson was indefinitely suspended; Keithley was disbarred. While informative, we do not find either *Wilson* or *Keithley* to be sufficiently similar to the facts of the present case to be controlling.

The panel also considered certain aggravating and mitigating factors recommended for consideration by the ABA Standards for Imposing Lawyer Sanctions (1991). The panel found as aggravating factors a pattern of misconduct by respondent and the fact that multiple offenses were involved. In addition, we consider the vulnerability of these victims to be a factor under the ABA standards. In mitigation, the panel found that respondent was cooperative throughout all proceedings, that he has made substantial steps toward rehabilitation, and that he has demonstrated a great deal of remorse.

After a careful review of the entire record, we conclude that respondent has violated the Model Rules of Professional Conduct as found by the hearing panel and that the panel's recommended discipline of indefinite suspension is appropriate.

IT IS THEREFORE ORDERED that John E. Fierro be and he is hereby disciplined by indefinite suspension from the practice of law in the State of Kansas commencing on March 4, 1994.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1993 Kan. Ct. R. Annot. 187), that he shall pay the costs of this proceeding, and that this order shall be published in the official Kansas Reports.